JAN - 6 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | ) | |
|---|---|---|
| WILLIAM JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | Criminal No. 1:89-cr-304 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the Motion of William Johnson ("Petitioner") for Writ of Habeas Corpus Ad Subjiciendum filed under 28 U.S.C. § 2241(c)(3).

The Petitioner was convicted of assault with intent to murder (Count I), assault with intent to commit serious bodily harm (Count II), violations of 18 U.S.C. §§ 113(a), 113(f), respectively, and being a prisoner in possession of a knife in violation of 18 U.S.C. § 13, assimilating Va. Code Ann. § 53.1-203(4) (Count III). On January 12, 1990, Petitioner accordingly received the following sentences: 240 months incarceration and 60 months of supervised release as to Count I; 106 months incarceration and 60 months of supervised release as to Count II; and 22 months incarceration as to Count III. The sentences for Counts I and II are concurrent with one another, while the sentence for Count III runs consecutively to Counts I and II.

Petitioner appealed the January 12 Sentencing Order on January 18, 1990, asserting various trial errors. The United States Court of Appeals for the Fourth Circuit affirmed his convictions on March 28, 1991. See United States v. Brooks, 928 F.2d 1403, 1404 (4th Cir. 1991). Petitioner filed a writ of certiorari to the Supreme Court of the United States on June 14, 1991, which the Supreme Court denied on October 7, 1991. See 502 U.S. 845 (1991).

Petitioner filed his instant motion on July 29, 2013, to which this Court ordered the United States to respond on August 6, 2013. An extension of time was granted on August 22, 2013. Petitioner alleges various challenges to the trial and sentencing processes, including abuse of process and discretion for not letting his co-defendant plead guilty, violating the "Giglio Rule," violating the Double Jeopardy Clause in sentencing, and constitutionally ineffective assistance of trial counsel. He filed these claims under 28 U.S.C. § 2241(c)(3), which is in error.

So long as 28 U.S.C. § 2255 provides an adequate and effective remedy to challenges of a conviction or sentence, there is no need to resort to the habeas corpus remedy guaranteed in § 2241(c)(3). See Swain v. Pressley, 430 U.S. 372, 381 (1977). As the Petitioner's convictions were grounded in settled law at that time, the conduct underlying those

convictions remains criminal, and no new subconstitutional rule prohibits the Petitioner from filing under § 2255, there is no showing of inadequacy or ineffectiveness in relying on § 2255. Cf. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (stating the circumstances in which "§ 2255 is inadequate and ineffective to test the legality of a conviction[.]"). Accordingly, Petitioner's Motion is improperly filed and his challenges should be cast under the standards of a § 2255 motion.

§ 2255(f) establishes a one-year limitations period for filing a post-conviction motion in its name. Based on the facts presented here, that period runs from "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1). "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003); see also Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987). Here, the Supreme Court denied Petitioner's certiorari petition over twenty years ago, October 7, 1991, with finality attaching to Petitioner's conviction at that time. Petitioner's claims are thus time barred.

Additionally, Petitioner presents no evidence toward equitably tolling this limitations period. The Supreme Court has "never squarely addressed the question of whether equitable

3

tolling is applicable to [§ 2255]'s statute of limitations," see Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), and even if it is, there is no evidence here that the equitable tolling requirements are met: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way," see id. at 418. While Petitioner's earlier appeals demonstrate diligence, there is no showing of extraordinary circumstances barring him from raising his instant claims within the limitations period. All of Petitioner's allegations here could have been made by October of 1992, and he provides no evidence that he lacked either actual or constructive knowledge of the errors he now asserts. Indeed, his obvious diligence in previously appealing his case to both the Fourth Circuit and the Supreme Court - alleging numerous trial errors along the way - permits the inference that he simply decided not to raise his instant claims during the limitations period.

The fact that Petitioner missed the period for filing § 2255 claims does not allow him to transform his claims into a writ of habeas corpus under § 2241(c)(3), nor does it make § 2255 inadequate or ineffective under the Fourth Circuit's In re Jones analysis. See 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.").

An evidentiary hearing is only necessary when it is unclear "from the pleadings and the files and records that the prisoner is entitled to no relief . . . ." <u>Raines v. United States</u>, 423 F.2d 526, 530 (4th Cir. 1970). Here, the presented evidence is sufficient for this Court to determine that Petitioner's allegations entitle him to neither an evidentiary hearing nor § 2255 relief.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
January 6, 2014